**United States District Court**

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEROME BLANE SEPHERS,                           No. C 06-1593 SI (pr)

        Plaintiff,                              **ORDER OF SERVICE**

        v.

ERIC DIAS # 13890;
RICHARD WHEATON # 142941,

        Defendants.
_____/

## INTRODUCTION

    Jerome Blane Sephers, an inmate at the Sierra Conservation Center, filed this pro se civil rights action under 42 U.S.C. § 1983, complaining that he was subjected to excessive force during his arrest by Menlo Park police officers. The complaint is now before the court for review pursuant to 28 U.S.C. § 1915A.

## DISCUSSION

    A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

**United States District Court**
For the Northern District of California

1        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that

2   a right secured by the Constitution or laws of the United States was violated and (2) that the

3   violation was committed by a person acting under the color of state law.  <u>See</u> <u>West v. Atkins</u>,

4   487 U.S. 42, 48 (1988).

5        A claim that a law enforcement officer used excessive force in the course of an arrest or

6   other seizure is analyzed under the Fourth Amendment reasonableness standard.  <u>See</u> <u>Graham</u>

7   <u>v. Connor</u>, 490 U.S. 386, 394-95 (1989); <u>Forrester v. City of San Diego</u>, 25 F.3d 804, 806 (9th

8   Cir. 1994).  "Determining whether the force used to effect a particular seizure is 'reasonable'

9   under the Fourth Amendment requires a careful balancing of '"the nature and quality of the

10  intrusion on the individual's Fourth Amendment interests"' against the countervailing

11  governmental interests at stake."  <u>See</u> <u>Graham</u>, 490 U.S. at 396 (citations omitted).

12       Sephers complains of events that occurred when he was arrested on March 14, 2005 by

13  Menlo Park police officers Eric Dias and Richard Wheaton.  He alleges the following:  Officer

14  Dias jumped out of his patrol car, pointing his gun and waving his baton, which prompted

15  Sephers to be fearful and run away.  Sephers was eventually cornered by officer Wheaton who

16  tackled him, "stumped" him with his boots, and twisted and turned Sephers' arm "as hard as he

17  could" even though Sephers was not resisting.  Officer Dias "assist[ed] with this act."

18  Complaint, p. 3.  Both officers then dragged Sephers by his arms.  Sephers claims that he

19  continues to be in pain from this experience.  Liberally construed, the allegations of the

20  complaint indicate that force was used on a non-resisting arrestee and thus state a claim for relief

21  under § 1983 against defendants Dias and Wheaton for the use of excessive force in violation

22  of Sephers' Fourth Amendment rights.

23  /  /  /

24  /  /  /

25  /  /  /

26  /  /  /

27

28

2

**CONCLUSION**

For the foregoing reasons,

1.    Plaintiff's amended complaint states a claim for relief under 42 U.S.C. § 1983 against defendants Eric Dias and Richard Wheaton for the use of excessive force during an arrest.

2.    The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the amended complaint, a copy of this order, and a copy of all the other documents in the case file upon these two defendants, both of whom apparently are employed by the Menlo Park Police Department: Eric Dias (badge # 13890) and Richard Wheaton (badge # 14294).

3.    In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

   a.    No later than **June 2, 2006**, defendants must file and serve a motion for summary judgment or other dispositive motion.  If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

   b.    Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **July 7, 2006**.  Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants'

1    declarations and documents and show that there is a genuine issue of material fact
2    for trial.  If you do not submit your own evidence in opposition, summary
judgment, if appropriate, may be entered against you.  If summary judgment is
3    granted, your case will be dismissed and there will be no trial.  (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

4            c.      If defendants wish to file a reply brief, the reply brief must be filed and

5 served no later than **July 21, 2006**.

6          4.      All communications by plaintiff with the court must be served on a defendant's

7 counsel by mailing a true copy of the document to defendant's counsel.  The court may disregard

8 any document which a party files but fails to send a copy of to his opponent.  Until a defendant's

9 counsel has been designated, plaintiff may mail a true copy of the document directly to

10 defendant, but once a defendant is represented by counsel, all documents must be mailed to

11 counsel rather than directly to that defendant.

12          5.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

13 No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is

14 required before the parties may conduct discovery.

15          6.      Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the

16 court informed of any change of address and must comply with the court's orders in a timely

17 fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

18 pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of

19 address in every pending case every time he is moved to a new facility.

20          7.      Plaintiff is cautioned that he must include the case name and case number for this

21 case on any document he submits to this court for consideration in this case.

22        IT IS SO ORDERED.

23 Dated:  March 21, 2006

                                                       SUSAN ILLSTON
24                                     United States District Judge

25

26

27

28